# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 6:20-cv-03314-MDH** |
| | ) | |
| ANTHONY DOZIER, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court are Defendant's *Pro Se* Motion to Amend Findings of Fact (Doc. 79); Motion for Order to Supplement Findings (Doc. 80); Motion to Alter or Amend Judgment (Doc. 81); Motion to Dismiss (Doc. 82); Motion for Leave to Appeal *In Forma Pauperis* (Doc. 83); Motion to Appoint Counsel (Doc. 84); and Motion to File Brief/Extension Request.

On March 12, 2026, this Court adopted the Report and Recommendations of the Magistrate Judge to grant the Government's Motion for Revocation of Conditional Release. (Doc. 77). Eric George, U.S. Probation Officer for the United States District Court for the Western District of Missouri, testified that Defendant had violated his conditions of release. *Id*. Specifically on July 8, 2025, the Defendant was nearly arrested and charged with the crime of harassment after it was learned that he was sending excessive and alarming text messages to his ex-girlfriend, Carlin Fleck. *Id*. The Defendant was admonished regarding his behavior and was provided clear instruction to have no contact of any kind with Ms. Fleck. *Id*. On October 21, 2025, the Defendant violated his conditions of release by honking and waving at the former girlfriend, thereby breaching an order of protection prohibiting any contact. *Id*. The Defendant did not testify during

1

the hearing. *Id*. The Defendant now brings his motions seeking to amend, supplement, alter, or dismiss the Court's March 12, 2026, Order as well as leave to appeal the Court's ruling *in forma pauperis* and for appointment of counsel. The Court will take each motion in turn.

I.     **Motion to Amend Findings of Fact (Doc. 79)**

The Defendant wishes to amend two findings of fact with regard to the Court's May 12, 2026, Order. The first amendment the Defendant wishes to make concerns the July 8, 2025, text message incident with Ms. Fleck. The Defendant wishes to amend the Order to state that "Defendant was not arrested nor charged with the crime of harassment after sending text messages to his friend Carlin Fleck." (Doc. 79, page 1). The second amendment the Defendant wishes to make concerns the October 21, 2025 incident of honking at waiving at Ms. Fleck arguing it should either be stricken or amended to read "Anthony Dozier was at work on Oct. 21, 2025 and therefore, it would have been impossible for him to have been the person claimed to have honked and waived at Carlin Fleck." *Id*.

The Defendant raises Federal Rule of Civil Procedure 52 in support of his motion. However, as this cause of action arose from an 18 U.S.C. § 4246 Petition to Determine Present Mental Condition of an Imprisoned Person, the correct federal rule governing this action is Federal Rule of Civil Procedure 72. Federal Rule of Civil Procedure 72 governs magistrate judges pretrial orders. Specifically, Federal Rule of Civil Procedure 72(b) applies which states:

> (1) *Findings and Recommendations*. A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed finding of fact. The clerk must immediately serve a copy of each party as provided in Rule 5(b).

(2) *Objections*. Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specified written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.

(3) *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(1)-(3).

The Court will deny Defendant's *Pro Se* Motion to Amend Findings of Fact. Here, the Defendant timely objected to the Report and Recommendations of the United States Magistrate Judge. (Doc. 76). The objection read:

Defendant Anthony Dozier respectfully objects to the findings in the Report and Recommendation of the United States Magistrate (D.E. 75), and the recommendation that Defendant's conditional release previously imposed should be revoked and that Defendant should remain committed under the provisions of 18 U.S.C. § 4246(f).

*Id*. Nowhere in the objection does the Defendant raise the findings of fact he wished to include within the Report and Recommendations. Additionally, The Court's March 12, 2026, does not state that the Defendant was charged with harassment but *was nearly charged*. (Doc. 77) (emphasis added). Further, there is ample evidence within the record to demonstrate by a preponderance of the evidence that the Defendant was indeed the one who had honked and waved at Ms. Fleck on October 21, 2025. The Defendant has failed to raise any evidence that would corroborate the amendments he wishes to amend. For these reasons, the Defendant's *Pro Se* Motion to Amend Findings of Fact is **DENIED**.

## II.     Motion for Order to Supplement Findings (Doc. 80)

3

The Defendant next asks the Court to supplement the findings of fact pursuant to Federal Rule of Civil Procedure 52(b). The Defendant asks the Court to supplement three findings of fact. The Defendant's first finding of fact states:

> Being that Anthony Dozier was not found in contempt of the no-contact entered by the State court and was not charged with harassment, he did not violate the law and probable cause did not exist to revoke his conditional release. Such matters are at the discretion and jurisdiction of the state.

(Doc. 80, page 3). The Defendant's second finding of fact states:

> Anthony Dozier did not receive notice of a change in his conditions of release. His release conditions were not modified to include that if a no-contact order was entered against him, that he would be in violation of the conditions of his release. He was not in violation of the restraining order. He did not contact Carlin Fleck once the order was entered. Ther was no order of contempt or violation of the order entered by the state court.

(Doc. 80, page 4). The Defendant's third finding of fact states:

> Anthony Dozier complied with his conditions of release and made significant improvements with his mental health. He took his prescribed mediations and maintained employment. Dr. Autumn Clark can testify to this fact, showing he was in compliance and did not pose a threat or danger to the person or property of another.

*Id*.

The Court will deny Defendant's *Pro Se* Motion for Order to Supplement Findings. As articulated above, Federal Rule of Civil Procedure 72(b) governs the Defendant's motion. Nowhere within his objection to the Report and Recommendation did he raise these findings of fact with the Court. The Defendant had an opportunity both at the March 5, 2026, hearing and had two weeks after the United States Magistrate's Report and Recommendation to bring these concerns to the Magistrate and/or this Court for review and failed to do so.[1] Thus, the Defendant's *Pro Se* Motion for Order to Supplement Findings is **DENIED**.

---

[1] The Defendant submitted his objections on March 10, 2026, the same day the Report and Recommendations were filed. The Defendant had two weeks from March 10, 2026, to have made his objections known but chose to file his

4

**III.     Motion to Alter or Amend Judgment (Doc. 81)**

The Defendant seeks to alter or amend the Court's March 12, 2026, Order. The Defendant cites Federal Rule of Civil Procedure 59(e) and 60(b) in support of his motion. The Defendant alleges numerous basis for why the Court should alter or amend its judgment including: (1) that he was prevented from testifying in court and presenting evidence or witnesses; (2) newly discovered evidence will show that the Defendant was at work on October 21, 2026; (3) evidence shows he is factually and legally innocent and sane; (4) the state court is the proper jurisdiction to make a finding as to whether he violated the no-contact order in contempt; (5) he was denied his First Amendment right to defend himself or advance a viable claim as protected in conjunction with the Fourteenth Amendment; (6) the evidence provided is based solely on hearsay and unsubstantiated claims or speculation; (7) denied equal protection of the law under the Fourteenth Amendment on the basis of his mental illness alone and no other causation; (8) his underlying commitment is invalid as he is competent; (9) Dr. Autumn Clark can testify that he has recovered from his mental illness to such an extent that he does not need to be subject to § 4246; and (10) his commitment was fundamentally unfair because he was never afforded the opportunity to defend himself from the original complaint. (Doc. 80, pages 5-7).

As already discussed above, the Report and Recommendation as well as the Court's March 12, 2026, Order is governed in this case by Federal Rule of Civil Procedure 72. The Defendant was given an opportunity to be heard on March 5, 2026, and was given an opportunity to raise his objections to the Report and Recommendations. While the Defendant did timely file his objection to the Report and Recommendation, he failed to include any of the arguments he now wishes to assert in altering or amending the Court's March 12, 2026, Order. (Doc. 76). Pursuant to Federal

objection to the Report and Recommendations same day, thus waiving the fourteen-day requirement to respond and allowing this Court to evaluate the Report and Recommendation based on the record before it.

Rule of Civil Procedure 72, the Court reviewed the record, the Report and Recommendations and the Defendant's objection. This Court agreed with the Report and Recommendations, adopted it, and found that "the evidence establishes that Defendant's conditional release should be revoked and that commitment under the provisions of 18 U.S.C. § 4246 is appropriate." (Doc. 77, page 2). As the Defendant has failed to raise these objections to the Report and Recommendation, the Court finds that its March 12, 2026, was proper and will decline to alter or amend its previous judgment. For the reasons stated, the Defendant's *Pro Se* Motion to Alter or Amend Judgment is **DENIED**.

## IV.     Motion to Dismiss (Doc. 82)

The Defendant brings his Motion to Dismiss.  Plaintiff lists sixteen different theories, self-titled as defenses, why this action should be dismissed. However, in an 18 U.S.C. § 4246 proceeding, discharge from commitment is evaluated under the framework of the statute and not under the Federal Rules of Civil Procedure Rule 12(b)'s pleading standards. 18 U.S.C. § 4247 governs the general provisions under Chapter 313–Offenders with Mental Disease or Defects. Specifically, 18 U.S.C. § 4247(h) governs the procedure for discharge and states in relevant part:

> Regardless of whether the director of the facility in which a person is committed has field a certificate pursuant to the provisions of subsection (e) of section 4241, 4244, 4245, 4246, or 4248 or subsection (f) of section 4243, counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed.

18 U.S.C. § 4247(g) also states that "[n]othing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention."

By statute, the Defendant may file a habeas corpus petition should he feel his commitment is illegal by any of the reasons he states to the Courts. However, besides Defendant having his

6

counsel file for hearing to determine whether the Defendant should be discharged 180 days after the Court's March 12, 2026, Order, the Defendant's options are limited regarding challenging his commitment under 18 U.S.C. § 4246. For these reasons, the Defendant's *Pro Se* Motion to Dismiss is **DENIED**.

**V.      Motion for Leave to Appeal *In Forma Pauperis* (Doc. 83)**

The Defendant seeks leave to appeal this Court's March 12, 2026, Order adopting the Report and Recommendation and granting the Government's Motion for Revocation of Conditional Release. Specifically, the Defendant lists out sixteen self-titled defenses on why he believes this Court erred. These points on appeal range from assertions that the complaint fails to state a claim upon which relief can be granted; lack of jurisdiction; that he was at work at the time of the notice of violation underpinning the motion for revocation of conditional release; that the Defendant is competent and has recovered from his mental illness to the point he can care for himself.

"Under 28 U.S.C. § 1915, the decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). The Court is also required to conduct a review of Plaintiff's complaint to be filed *in forma pauperis. See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that …. (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

The Court will nevertheless grant his motion for leave to appeal *in forma pauperis* as the Defendant is a prisoner and would likely qualify financially for *in forma pauperis* status. Although

7

the Court doubts many of the points raised by the Defendant will ultimately be successful, he may attempt to raise this at the appeal level. For the reasons stated, the Defendant's *Pro Se* Motion for Leave to Appeal *In Forma Pauperis* is **GRANTED**.

## VI. Motion to Appoint Counsel

The Defendant request counsel to be appointed for the purpose of appealing this Court's March 12, 2026, Order. The Defendant argues that the interests of justice require that he be provided counsel under 18 U.S.C. § 3006A(a)(1)(c), (D), (E), (F) and (a)(3). The Defendant further argues that 18 U.S.C. § 4247 requires appointment of counsel as well. Lastly, the Defendant argues that since counsel has previously been appointed, this Court has previously determined that Defendant qualifies for *In Forma Pauperis* status.[2]

18 U.S.C. § 30006A governs the adequate representation of defendants and states in relevant part:

> A person for whom counsel is appointed shall be represented at every state of the proceedings from his initial appearance before the United States magistrate judge or the court *through appeal*, including ancillary matter appropriate to the proceedings. … The United States magistrate judge or the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings.

18 U.S.C. § 3006A(c) (emphasis added). Here, the Defendant has been afforded counsel in this matter as he is being represented by Ian A. Lewis of the Federal Public Defender's Office. As of the date of this Order, Mr. Lewis is still the counsel on record for Defendant and may represent him on appeal. If Mr. Lewis believes he is ill equipped to handle an appeal or would rather withdraw from representation, it is his responsibility to seek leave to withdraw from the case. As this case has already been noticed and transmitted to the Eighth Circuit Court of Appeals, they are

---

[2] The Court has not previously authorized the Defendant to proceed *in forma pauperis* in this action and to the extent he tires to assert this as a ground to appoint counsel it is denied.

the appropriate Court to withdraw, substitute or handle any issues regarding appellate counsel. (Docs. 86 and 87). Should Defendant seek to have a different attorney, the appropriate mechanism would be to file a motion with the Eighth Circuit Court of Appeals rather than this Court. For the reasons stated, Defendant's *Pro Se* Motion for Appointment of Counsel is **DENIED**.

## VII. Motion to File Brief/Extension Request

Lastly, the Defendant moves for an extension of time to file a brief memorandum of points and authorities in support of his motions. However, as the Court has already made its rulings with respect to the Defendant's motions, any further elaboration would be unnecessary. For the reasons stated, the Defendant's Motion to File Brief/Extension Request is **DENIED**.

## CONCLUSION

For the reasons stated above, the Defendant's *Pro Se* Motions to Amend Findings of Fact (Doc. 79); Motion for Order to Supplement Findings (Doc. 80); Motion to Alter or Amend Judgment (Doc. 81); Motion to Dismiss (Doc. 82); Motion to Appoint Counsel (Doc. 84); and Motion to File Brief/Extension request are **DENIED**.

The Defendant's *Pro Se* Motion for Leave to Appeal *In Forma Pauperis* (Doc. 83) is **GRANTED**.


**IT IS SO ORDERED.**

Dated: May 12, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

9